UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KIMBERLY WARNER, <br> 1152 45TH Place, SE <br> Washington, DC 20019 <br><br> Plaintiff, <br><br> v. <br><br> HUGH HALPERN, Director <br> U. S. GOVERNMENT PUBLISHING OFFICE <br> 732 North Capitol Street <br> Washington, D. C. 20401 <br><br> Defendant. | * <br> * <br> * <br> * <br> * C.A. No.: _____ <br> * <br> * <br> * <br> * <br> * <br> * |

## COMPLAINT AND PRAYER FOR JURY TRIAL

### NATURE OF CLAIMS

1. This is an action brought to remedy reprisal for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343.

3. Since 2004, Ms. Warner has filed approximately seven EEO complaints alleging, inter alia, race, sex and/or disability discrimination. Ms. Warner has also been a witness, assisted and/or participated in EEO complaints filed by others.

4. On June 12, 2017, Ms. Warner filed a formal EEO complaint (amended twice), Agency Docket No. GPO 17-25, alleging race, sex and disability discrimination, and reprisal for engaging in protected EEO activity.

5. The Agency has not issued a final decision on Ms. Warner's complaint. More than 180 days have passed since the filing of the complaint.

6. Plaintiff has fully complied with all prerequisites to jurisdiction in this court, including exhaustion of administrative remedies under Title VII.

7. Venue herein is proper under 28 U.S.C. §1391. The actions Plaintiff complains of occurred and arose in the District of Columbia.

## PARTIES

8. Plaintiff Kimberly Warner is an African-American female citizen (with disabilities) of the United States who was at all times relevant to this action employed by Defendant.

9. Defendant Hugh Halpern is the Director and head of the U.S. Government Publishing Office, a federal government agency, and is named in his official capacity. At all times mentioned herein, the Defendant was acting through its agents, servants and employees.

10. The U.S. Government Publishing Office is a federal agency headquartered in Washington, D.C.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. Ms. Warner joined the U.S. Government Publishing Office in August of 1989. Since 2014, she has held the position of Deposit Account Collection Analyst, PG-12, with Accounts Receivable Division, Department of Finance, GPO, located in Washington, DC.

12. Since 2004, Ms. Warner has been subjected to race, sex and disability discrimination and as a result filed EEO complaints against Defendant. In addition, she engaged in other protected EEO activity. As a result of engaging in this EEO activity including participation as a complainant, witness and representative, Ms. Warner was subjected to retaliation on the part of management including adverse personnel action.

14. Defendant's barrage of retaliation/reprisal included, *inter alia*, the following actions directed at Ms. Warner by the Defendant's supervisors:

   a. On April 20, 2017, Ms. Warner was charged four (4) hours of absent without leave (AWOL) after she was approved for official time;

   b. On April 26, 2017, Ms. Warner was issued GPO Form 2021, Recommendation for Corrective Action, recommending a 45-day suspension;

   c. On May 24, 2017, the GPO Form 2021, Recommendation for Corrective Action, was rescinded, and reissued recommending a 90-day suspension;

   d. On April 20, 2017, Laurel Warehouse Management would not allow Ms. Warner to meet with a bargaining unit employee during the lunchbreak, and threatened to call the GPO Police if she did not leave the premises;

   e. On April 20, 2017, Labor Relations Management was untruthful about clearing Ms. Warner to meet with a bargaining unit employee during the lunchbreak;

   f. On April 27, 2017, Labor Relations Management cancelled the meeting with bargaining unit employee at the Laurel Warehouse without Ms. Warner's knowledge;

   g. On April 27, 2017 Laurel Warehouse Management withheld information about the cancellation of the meeting with bargaining unit employees, and called the GPO Police to have Ms. Warner escorted from the premises;

   h. On April 27, 2017, Security Services Management 'joined forces' with Labor Relations Management, and Policy and Employee Relations Management to refuse to take an incident report based on the bullying Ms. Warner endured from Laurel Warehouse Management;

      i.      Labor Relations Management, and Policy and Employee Relations Management plotted to 'assassinate Ms. Warner's character' when they ordered her supervisor to issue GPO Form 2021, recommending a 45-day suspension which was rescinded and reissued on May 24, 2017, recommending a 90 day suspension.

      j.      In September 2017, Ms. Warner was charged 4-hours of Absent without Leave (AWOL);

      k.      On July 31, 2017, Ms. Warner received a notice of Proposed Suspension, proposing a 90-day suspension; and

      l.      On November 21, 2017, Ms. Warner was issued a 45-day suspension.

15. Ms. Warner was subjected to reprisal/retaliation by Defendant's managerial employees as a direct result of engaging in protected activity.

## CAUSE OF ACTION

(Reprisal)

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1-15 above.

17. Plaintiff was retaliated against as described in the paragraphs above as a direct result of having engaged in protected EEO activity.

18. Plaintiff was retaliated against even though she was successfully performing her duties and responsibilities, and was, in fact, successfully performing her job.

19. Defendant's conduct in retaliating against Plaintiff as described in the paragraphs above was willful and malicious, and demonstrated a reckless indifference to Plaintiff's federally protected rights. During the course of her employment, Plaintiff was retaliated against, as alleged herein, solely because she engaged in protected activity.

20. As a result of Defendant's retaliatory acts, Plaintiff has suffered and will continue to suffer monetary damages and damages for loss of enjoyment of life, mental anguish and damages to personal and professional reputation and until this Court grants relief.

### RELIEF REQUESTED

WHEREFORE, Plaintiff prays this Honorable Court issue an Order to Defendant:

(A) Declaring that the acts and practices complained of herein are in violation of Title VII;

(B) Enjoining and permanently restraining these violations of Title VII;

(C) Awarding Plaintiff backpay, interest on back pay, postjudgment interest and other lost employment benefits in an amount to be later determined;

(D) Restoring any and all leave improperly charged to Plaintiff;

(E) Removing all references to the improper AWOL charges and disciplinary action from the GPO's files;

(H) Rescinding any and all disciplinary charges against Plaintiff;

(I) Awarding Plaintiff compensatory damages in the amount of $300,000 for reprisal;

(L) Awarding Plaintiff the costs of this action, including expert witness fees, together with reasonable attorneys' fees as provided by Title VII; and

(M) Granting such other and further relief as this Court deems necessary and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

_____
Joseph T. Mallon, Jr.
Mallon LLC
300 East Lombard Street
Suite 815

Baltimore, Maryland 21202
(410) 727-7887
Bar No.: 441376

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KIMBERLY WARNER,<br>1152 45TH Place, SE<br>Washington, DC 20019<br><br>　　　　　Plaintiff,<br><br>v.<br><br>HUGH HALPERN, Director<br>U. S. GOVERNMENT PUBLISHING<br>　OFFICE<br>732 North Capitol Street<br>Washington, D. C. 20401<br><br>　　　　　Defendant. | *<br>*<br>*<br>*<br>*　C.A. No.: _____<br>*<br>*<br>*<br>*<br>* |

## PRAYER FOR JURY TRIAL

Plaintiff prays to have this case tried by a jury.

_____
Joseph T. Mallon, Jr.